APR 29 2026 PM3:14
FILED - USDC - FLMD - ORL

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.

CASE NO: 8:26-cr- 165-SOM- AEP
18 U.S.C. § 1343
18 U.S.C. § 641

REBECCA STEWART VAUGHN

# INDICTMENT

The Grand Jury charges:

## COUNTS ONE THROUGH FOUR
## (Wire Fraud)

### A. Introduction

At times material to this Indictment:

1. The Social Security Administration ("SSA") was an agency of the United States. The SSA administered the Old Age, Survivor's, and Disability Insurance program. Through this program, the SSA provided Retirement Insurance Benefits ("RIB") to eligible workers who had retired. RIB were payable only to the worker and stop when the worker died.

2. J.C. was a recipient of RIB, which were direct-deposited monthly into her account ending in #6352 with Financial Institution #1.

3. J.C. also received pension benefits from the Teacher's Retirement System of the City of New York ("TRS"), which were also direct-deposited monthly into her account ending in #6352 with Financial Institution #1. TRS pension benefits stopped when the retiree died. The retiree could direct that a death benefit be

paid to a named beneficiary.

4. REBECCA STEWART VAUGHN was J.C.'s niece and a co-owner and signatory on J.C.'s account ending in #6352 with Financial Institution #1. VAUGHN was not a named beneficiary for J.C.'s TRS benefits.

5. J.C. and VAUGHN resided together at a residence in the Middle District of Florida.

6. On an unknown date, but no later than in or around July 2025, J.C. died.

**B. The Scheme and Artifice**

7. Beginning in or about April 2025, and continuing through in or about April 2026, in the Middle District of Florida and elsewhere, the defendant,

REBECCA STEWART VAUGHN,

did knowingly and intentionally devise and intend to devise a scheme and artifice to defraud, and for obtaining money and property by means of materially false and fraudulent pretenses, representations, and promises about a material fact.

**C. Manner and Means of the Scheme and Artifice**

8. The manner and means by which VAUGHN sought to accomplish the scheme and artifice to defraud included, among others, the following:

a. It was part of the scheme and artifice that VAUGHN would and did purchase a mattress bag in or around April 2025, which she intended to use to dispose of J.C.'s body;

b. It was further part of the scheme and artifice that when J.C. died,

VAUGHN wrapped J.C.'s body in layers of blankets, sheets, and plastic bags, which she secured with duct tape; placed J.C.'s body in the mattress bag; and then disposed of J.C.'s body in a wooded lot adjacent to a wastewater treatment plant to intentionally conceal J.C.'s death;

c. It was further a part of the scheme and artifice that VAUGHN concealed J.C. death to induce the SSA and the TRS to continue to deposit monthly benefit payments into the Financial Institution #1 account ending in #6352;

d. It was further part of the scheme and artifice that VAUGHN made false representations to law-enforcement officers to conceal J.C.'s death. For example, on or about March 9, 2026, VAUGHN falsely represented to officers with the Hillsborough County Sheriff's Office that J.C. was still alive;

e. It was further part of the scheme and artifice that VAUGHN, as a co-owner and signatory on Financial Institution #1 account ending in #6352, would spend the SSA and TRS benefits intended for J.C. on her own use and the use of others; and

f. It was further part of the scheme and artifice to defraud that after J.C. died, VAUGHN purposely did not report her death to the SSA or the TRS. The reason VAUGHN did not notify the SSA or the TRS of J.C.'s death is that she wanted both entities to continue making monthly deposits into account ending in #6352 so that she could spend the money for her own use and the use of others.

g. It was further part of the scheme and artifice to defraud that

VAUGHN would and did misrepresent, hide, and conceal, and cause to be misrepresented, hidden, and concealed, the purpose of acts performed in furtherance of the scheme to defraud.

**D. Executions of the Scheme and Artifice**

9. On or about the dates set forth below in each count, in the Middle District of Florida and elsewhere, the defendant,

REBECCA STEWART VAUGHN,

for the purpose of executing the aforesaid scheme and artifice, transmitted by means of wire and radio communication in interstate and foreign commerce, the following writings, signs, signals, pictures, and sounds as described below:

| Count | On or About Date | Interstate Wire Communication |
|---|---|---|
| ONE | September 30, 2025 | Defendant caused an Automated Clearing House ("ACH") transfer in the amount of $6,292.02 in TRS pension benefits, sent from outside Florida to a Financial Institution #1 account ending in #6352 within the Middle District of Florida |
| TWO | October 6, 2025 | Defendant caused an ACH transfer in the amount of $2,125.00 in Social Security RIB, sent from outside Florida to a Financial Institution #1 account ending in #6352 within the Middle District of Florida |
| THREE | February 2, 2026 | Defendant caused an ACH transfer in the amount of $6,405.38 in TRS pension benefits, sent from outside Florida to a Financial Institution #1 account ending in #6352 within the Middle District of Florida |

| Count | On or About Date | Interstate Wire Communication |
|---|---|---|
| **FOUR** | February 9, 2026 | Defendant caused an ACH transfer in the amount of $2,172.00 in Social Security RIB, sent from outside Florida to a Financial Institution #1 account ending in #6352 within the Middle District of Florida |

All in violation of 18 U.S.C. § 1343.

**<u>COUNT FIVE</u>**
**(Theft of Government Property)**

10. The paragraphs of Parts A and C of Counts One through Four of this Indictment are realleged and incorporated by reference as if fully set forth herein.

11. Beginning on an unknown date but not later than in or around July 2025, and continuing through in or around April 2026, in the Middle District of Florida and elsewhere, the defendant,

REBECCA STEWART VAUGHN,

did knowingly and willfully embezzle, steal, purloin, and convert to the defendant's use and the use of another, more than $1,000 of money and a thing of value of the United States and the Social Security Administration, a department and agency of the United States, that is, Social Security benefits, with intent to deprive the United States and the Social Security Administration of the use and benefit of the money and thing of value.

In violation of 18 U.S.C. §§ 641 and 2.

## FORFEITURE

1. The allegations contained in Counts One through Five are incorporated by reference for the purpose of alleging forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

2. Upon conviction of a violation of 18 U.S.C. § 1343, the defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the violation.

3. Upon conviction of a violation of 18 U.S.C. § 641, the defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the violation.

4. The property to be forfeited includes, but is not limited to, the following: a money judgment in the amount of at least $75,536.81 which sum represents proceeds obtained from the offenses.

5. If any of the property described above, as a result of any act or omission of the defendant:

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the Court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be

divided without difficulty,

the United States shall be entitled to forfeiture of substitute property under the provisions of 21 U.S.C § 853(p), as incorporated by 28 U.S.C. § 2461(c).

A TRUE BILL,

[redacted]

Foreperson

GREGORY W. KEHOE
United States Attorney

By: ______________________
Matthew J. Del Mastro
Special Assistant United States Attorney

By: ______________________
Gregory Pizzo
Assistant United States Attorney
Chief, Economic Crimes Section

FORM OBD-34
April 26

No.

**UNITED STATES DISTRICT COURT**
Middle District of Florida
Tampa Division

THE UNITED STATES OF AMERICA

vs.

REBECCA STEWART VAUGHN

## INDICTMENT

Violations: 18 U.S.C. § 1343 and 641

A true bill,

[redacted] Foreperson

Filed in open court this 29th day

of April 2026.

_______________________
Clerk

Bail $_______________

GPO 863 525