UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v. CASE NO. 8:26-cr-165-SDM-AEP

REBECCA STEWART VAUGHN

**NOTICE OF ESSENTIAL ELEMENTS,**
**MAXIMUM PENALTIES, AND FACTUAL BASIS**

The United States of America, by Gregory W. Kehoe, United States Attorney for the Middle District of Florida, hereby files this Notice of Essential Elements of the Offense, Maximum Penalties, and Factual Basis, stating as follows:

## I. ESSENTIAL ELEMENTS

The Indictment charges four counts of wire fraud, in violation of 18 U.S.C. § 1343 (Counts One through Four), and one count of theft of government property, in violation of 18 U.S.C. § 641 (Count Five). The essential elements of Counts One through Four are:

First: The Defendant knowingly devised or participated in a scheme to defraud someone by using false or fraudulent pretenses, representations or promises;

Second: The false pretenses, representations, or promises were about a material fact;

Third: The Defendant acted with the intent to defraud; and

Fourth: The Defendant transmitted or caused to be transmitted by wire some communication in interstate commerce to help carry out the scheme to defraud.

The essential elements of Count Five are:

First: The money or property described in the indictment belonged to the United States;

Second: The Defendant embezzled, stole, or knowingly converted the money or property to her own use or to someone else's use;

Third: The Defendant knowingly and willfully intended to deprive the owner of the use or benefit of the money or property; and

Fourth: The money or property had a value greater than $1,000.

## II. MAXIMUM PENALTY

The maximum penalty for each of Counts One through Four is: a term of up to 20 years' imprisonment; a fine of up to $250,000 or twice the gross gain caused by the offense, or twice the gross loss caused by the offense, whichever is greater; a term of supervised release of up to 3 years; and a mandatory special assessment of $100.

The maximum penalty for Count Five is: a term of up to 10 years' imprisonment; a fine of up to $250,000 or twice the gross gain caused by the offense, or twice the gross loss caused by the offense, whichever is greater; a term of supervised release of up to 3 years; and a mandatory special assessment of $100.

Restitution to the victims of the offenses is mandatory.

Additionally, the defendant must forfeit any property, real or personal, which constitutes or is derived from proceeds traceable to the violations, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), as outlined in the Indictment. Among the items that will be forfeited are the following: the $75,536.81 in proceeds the

defendant obtained as a result of the commission of the offense to which the defendant is pleading guilty.

## III. FACTUAL BASIS

On August 8, 2025, a body, later identified as J.C., was found in a blue mattress bag near the wood line on Ramblewood Road in Lutz, Florida, adjacent to the Van Dyke Wastewater Treatment Facility. Before her death, J.C. had lived in Tampa, Florida, with her niece, the defendant, Rebecca Stewart Vaughn. J.C. had been receiving Social Security Retirement Insurance Benefits and New York City Teacher's Retirement System Benefits, and was largely bedridden in the years before her death. Neither the Social Security Administration (SSA) nor the City of New York were notified of J.C.'s death and continued to direct deposit her benefits into her checking account with Financial Institution #1.

Investigation revealed that the defendant had purchased the blue mattrass bag, in which J.C.'s remains were found, on Amazon.com in April 2025. On March 9, 2026, a Hillsborough County Sheriff's Office (HCSO) detective conducted a voluntary, noncustodial interview with the defendant outside her residence. During the interview, the defendant spoke of J.C. in the present-tense, misrepresenting that J.C. was still alive. The defendant claimed that J.C. was bed-bound and that the defendant was her only caretaker. The defendant told the detective that J.C. was not currently at home and would not say where she was.

On April 14, 2026, SSA Office of Inspector General (OIG) agents conducted a voluntary, noncustodial interview with the defendant at the Carrollwood, Florida,

SSA field office. Just like her interview with the HCSO detective, the defendant initially misrepresented that J.C. was still alive, speaking about her in the present tense and describing the care she provides J.C. Eventually, agents confronted the defendant with the fact that J.C.'s body had been found in the woods. In response, the defendant admitted that J.C. had died in her home and that she had disposed of J.C.'s body. The defendant claimed that she found J.C. dead of natural causes in her bed one morning around July 2025, and that she put her in the mattress bag, used a wheelbarrow to transfer the body from the house to her SUV, and then drove to a wooded area off Ramblewood Rd. and left her body there. Asked why she didn't report J.C.'s death to the SSA or New York, the defendant admitted she needed the money from J.C.'s benefits. She admitted spending the money on rent, utilities, and personal expenses for herself and her family.

J.C.'s Social Security and teacher's pension benefits were both direct deposited on a monthly basis into J.C.'s checking account ending #6352, with Financial Institution #1. The defendant was a co-owner on the bank account and had access to the money. Bank records confirmed the defendant's admission that she spent the benefits after J.C.'s death on rent, utilities, and other living expenses in the Middle District of Florida. The defendant also made a large amount of purchases on Amazon.com.

The interstate wires alleged in Counts One through Four of the Indictment correspond to Automated Clearing House (ACH) transfers of Social Security and Teacher's Retirement System (TRS) benefits into J.C.'s bank account after J.C.'s

death. Specifically, on or about September 30, 2025, the defendant caused an ACH transfer in the amount of $6,292.02 in TRS benefits sent from outside Florida to the Financial Institution #1 account ending #6352 within the Middle District of Florida. On or about October 6, 2025, the defendant caused an ACH transfer in the amount of $2,125 in Social Security benefits sent from outside Florida to the Financial Institution #1 account ending #6352 within the Middle District of Florida. On or about February 3, 2026, the defendant caused an ACH transfer in the amount of $6,405.38 in TRS benefits sent from outside Florida to the Financial Institution #1 account ending #6352 within the Middle District of Florida. And on or about February 9, 2026, the defendant caused an ACH transfer in the amount of $2,172 in Social Security benefits sent from outside Florida to the Financial Institution #1 account ending #6352 within the Middle District of Florida.

The defendant knowingly concealed J.C.'s death to induce the SSA and City of New York to continue making monthly benefit payments so that she could continue to receive and spend the money on her own expenses. In total, the defendant knowingly received and converted to her own use $75,536.81 in benefits to which she was not entitled. This included $19,313.00 in Social Security benefits, belonging to the United States, and $56,223.81 in New York pension benefits.

Respectfully submitted,

GREGORY W. KEHOE
United States Attorney

By: */s/ Matthew J. Del Mastro*

Matthew J. Del Mastro
Special Assistant United States Attorney
USAO No. 203
400 W. Washington Street, Suite 3100
Orlando, Florida 32801
Telephone: (407) 648-7500
Facsimile: (407) 648-7643
E-mail: Matthew.Del.Mastro@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on September 20, 2026, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Ashley Allen, Esq.
Counsel for the Defendant

/s/ *Matthew J. Del Mastro*

Matthew J. Del Mastro
Special Assistant United States Attorney
USAO No. 203
400 W. Washington Street, Suite 3100
Orlando, Florida 32801
Telephone: (407) 648-7500
Facsimile: (407) 648-7643
E-mail: Matthew.Del.Mastro@usdoj.gov