UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v. Case No: 8:26-cr-165-SDM-AEP

REBECCA STEWART VAUGHN
_________________________________/

# NOTICE OF ESSENTIAL ELEMENTS, MAXIMUM PENALTIES, AND FACTUAL BASIS

Defendant, Rebecca Stewart Vaughn, by and through undersigned counsel, hereby files this Notice of Essential Elements, Maximum Penalties, and Factual Basis, stating as follows:

## I. ESSENTIAL ELEMENTS

The Indictment charges four counts of wire fraud, in violation of 18 U.S.C. § 1343 (Counts One through Four), and one count of theft of government property, in violation of 18 U.S.C. § 641 (Count Five). The essential elements of Counts One through Four are:

First: The defendant knowingly devised or participated in a scheme to defraud someone by using false or fraudulent pretenses, representations, or promises;

Second: The false pretenses, representations, or promises were about a material fact;

Third: The defendant acted with the intent to defraud; and

Fourth: The defendant transmitted or caused to be transmitted by wire some communication in interstate commerce to help carry out the scheme to defraud.

The essential elements of Count Five are:

First: The money or property described in the indictment belonged to the United States;

Second: The defendant embezzled, stole, or knowingly converted the money or property to her own use or someone else's use;

Third: The defendant knowingly and willfully intended to deprive owner of the use or benefit of the money or property; and

Fourth: The money or property had a value greater than $1,000.

## II. MAXIMUM PENALTIES

The maximum penalty for each of Counts One through Four is: a term of up to 20 years' imprisonment; a fine of up to $250,000, a term of supervised release of not more than 3 years, and a special assessment of $100.

Restitution must be ordered.

## III. FORFEITURE OF ASSETS

The defendant must forfeit any property, real or personal, which constitutes or is derived from proceeds traceable to the violations, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), as outlined in the

Indictment. Among the items that will be forfeited are the following: the $75,536.81 in proceeds the defendant obtained as a result of the commission of the offense to which the defendant is pleading guilty.

## IV. FACTUAL BASIS

On August 8, 2025, a body, later identified as J.C., was found in Lutz, Florida. Before her death, J.C. had lived in Tampa, Florida, with her niece, the defendant, Rebecca Stewart Vaughn. J.C. had been receiving Social Security Retirement Insurance Benefits and New York City Teacher's Retirement System Benefits and was largely bedridden in the years before her death. Neither the Social Security Administration (SSA) nor the City of New York were notified of J.C.'s death and continued to direct deposit her benefits into her checking account with Financial Institution #1.

During investigative interviews, the defendant was asked why she didn't report J.C.'s death to the SSA or New York, she admitted she needed the money from J.C.'s benefits. She admitted spending the money on rent, utilities, and personal expenses for herself and her family. J.C.'s Social Security and teacher's pension benefits were both direct deposited on a monthly basis into J.C.'s checking account ending #6352, with Financial Institution #1. The defendant was a co-owner on the bank account and had

access to the money. Bank records confirmed the defendant's admission that she spent the benefits after J.C.'s death on rent, utilities, and other living expenses in the Middle District of Florida.

The interstate wires alleged in Counts One through Four of the Indictment correspond to Automated Clearing House (ACH) transfers of Social Security and Teacher's Retirement System (TRS) benefits into J.C.'s bank account after J.C.'s death. Specifically, on or about September 30, 2025, the defendant caused an ACH transfer in the amount of $6,292.02 in TRS benefits sent from outside Florida to the Financial Institution #1 account ending #6352 within the Middle District of Florida. On or about October 6, 2025, the defendant caused an ACH transfer in the amount of $2,125 in Social Security benefits sent from outside Florida to the Financial Institution #1 account ending #6352 within the Middle District of Florida. On or about February 3, 2026, the defendant caused an ACH transfer in the amount of $6,405.38 in TRS benefits sent from outside Florida to the Financial Institution #1 account ending #6352 within the Middle District of Florida. And on or about February 9, 2026, the defendant caused an ACH transfer in the amount of $2,172 in Social Security benefits sent from outside Florida to

the Financial Institution #1 account ending #6352 within the Middle District of Florida.

The defendant knowingly concealed J.C.'s death to induce the SSA and City of New York to continue making monthly benefit payments so that she could continue to receive and spend the money on her own expenses. In total, the defendant knowingly received and converted to her own use $75,536.81 in benefits to which she was not entitled. This included $19,313.00 in Social Security benefits, belonging to the United States, and $56,223.81 in New York pension benefits.

DATED this 21st day of September 2026.

CHARLES PRITCHARD, JR.
FEDERAL DEFENDER

***/s/ Ashley G. Allen***

Ashley G. Allen, Esq.
Florida Bar No. 125638
Assistant Federal Defender
Office of the Federal Defender
400 N. Tampa Street
Suite 2700
Tampa, Florida 33602
Telephone: (813) 228-2715
Email: ashley_allen@fd.org

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 21st day of September 2026, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send notice of electronic filing to all counsel of record.

***/s/ Ashley G. Allen***
Ashley G. Allen, Esq.
Assistant Federal Defender